UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTHEW M.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case # 24-CV-0178-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff Matthew M. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 13. For the reasons that follow, the Commissioner's motion is DENIED, Plaintiff's motion is GRANTED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion.

## BACKGROUND

On January 2, 2021, Matthew M. ("Plaintiff") filed an application for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 10. He alleged disability since April 30, 2018. *Id;* Tr. 413. In March 2023, Administrative Law Judge Seth J. Grossman ("the ALJ") issued a

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

finding that Plaintiff is not disabled. Tr. 10-21. In January 2024, the Appeals Council denied Plaintiff's request for review. Tr. 1. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

The scope of this Court's review of the ALJ's decision denying benefits to Plaintiff is limited. It is not the function of the Court to determine *de novo* whether Plaintiff is disabled. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). Rather, so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed. *Acierno v. Barnhart*, 475 F.3d 77, 80-81 (2d Cir. 2007). "Substantial evidence is more than a mere scintilla. It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion." *Brault*, 683 F.3d at 447-48 (internal citation and quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b).[3] If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations. *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." *Id.* If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged

onset date of April 30. Tr. 12. At step two, the ALJ found that Plaintiff suffered from severe impairments of celiac disease, dysthymic disorder, social anxiety, mild intellectual disability, and idiopathic pericarditis. *Id*. At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 13.

Next, the ALJ determined that Plaintiff had the RFC to perform light work with reasonable access to a bathroom, occasional contact with supervisors, co-workers, and the public, and limited to simple task jobs. Tr. 15. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work from the alleged onset date. Tr. 19. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 19-20. The ALJ therefore found that Plaintiff was not disabled. Tr. 20.

## II. Analysis

Plaintiff argues that remand is warranted because the ALJ improperly did not include the proximity of a bathroom facility or the duration and frequency that Plaintiff would need to use the bathroom into the RFC finding. ECF No. 11-1 at 20-23. Here, the ALJ found that Plaintiff had the RFC to perform light work except that Plaintiff would need to have "reasonable access to a bathroom." Tr. 15.

In his opinion, the ALJ cites to Plaintiff's medical documents from March 2022, in which he noted that despite a diet change, Plaintiff still experienced diarrhea. Tr. 17. The ALJ also cites to medical documents from May 2022, in which Plaintiff's celiac care paperwork indicated that Plaintiff had "loose bowel movements four to five times per day once per week to once every few weeks for years" in the early mornings. *Id.* The ALJ wrote that Plaintiff explained that when he had episodes, he would have to use the bathroom multiple times—sometimes for 40 minutes at a time—one to two times per week. Tr. 16. Additionally, the ALJ noted that Plaintiff testified that

he could not afford to follow a gluten-free diet. *Id.* Dr. Toor, whose opinion the ALJ found to be persuasive, concluded that Plaintiff's history of celiac disease caused sensitivity to gluten and the need to use the bathroom. *Id.* Dr. Ostrow, whose opinion the ALJ found to be "generally persuasive," found that Plaintiff would need to have a bathroom 50 yards from his workstation. Tr. 18.

This Court agrees that the ALJ erred in not discussing the frequency and duration in which Plaintiff would need to use the bathroom, and whether Plaintiff's needs would fit into the standard breaks in a workday, as part of Plaintiff's RFC. Absent such a discussion of the frequency and duration in which Plaintiff would need to use the bathroom, the Court cannot provide a meaningful judicial review, and thus, remand is warranted. *See Tina M. v. Comm'r of Soc. Sec.,* No. 19-CV-1481, 2021 WL 1298492, at *6 (W.D.N.Y. Apr. 7, 2021) (remanding where the ALJ failed to make specific findings regarding frequency or duration of bathroom visits for Plaintiff suffering from Crohn's disease); *Lowe v. Colvin*, No. 15-CV-06077, 2016 WL 624922, at *6 (W.D.N.Y. Feb. 17, 2016) (remanding where the ALJ determined the plaintiff would need "ready access to toilet facilities" without making specific findings regarding the frequency or duration of necessary visits to the bathroom) (collecting cases); *see also Spaulding v. Astrue*, 702 F. Supp. 2d 983, 995 (N.D. Ill. 2010) (holding that the ALJ's failure to sufficiently articulate his finding regarding the frequency and duration of the plaintiff's required bathroom breaks precluded meaningful judicial review and required remand).

For this reason, the ALJ's error in assessing Plaintiff's celiac disease and corresponding frequency and duration of bathroom use requires remand.[4]

---

[4] While Plaintiff argues that remand is also warranted for other reasons, because the Court agrees that remand is warranted on this basis, it need not address Plaintiff's other arguments.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 22, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York